IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02096-MSK-KLM

INTERBREW CENTRAL EUROPEAN HOLDING BV,

    Applicant,

v.

MOLSON COORS BREWING COMPANY and
MOLSON COORS HOLDCO – 2 INC.,

    Respondents.

_____

**ORDER**
_____

This matter is before the Court on Applicant Interbrew Central European Holding BV's (the "Applicant") **Application for Order to Conduct Discovery Pursuant to 28 U.S.C. § 1782** [Docket No. 2; Filed August 6, 2013] (the "Application") and the supporting Memorandum of Points and Authorities in Support of *Ex Parte* Application for Discovery of Evidence Located in This District Pursuant to 28 U.S.C. § 1782 for Use in a Foreign Proceeding [#3] (the "Memorandum").

As a preliminary matter, the case was referred from the Chief Judge to the undersigned on August 6, 2013. The Tenth Circuit Court of Appeals has left open the question of whether an application under 28 U.S.C. § 1782 is a dispositive or a nondispositive motion, and thus whether, if dispositive, any ruling by a magistrate judge requires *de novo* review by the assigned Article III judge. *See Phillips v. Beierwaltes*, 466 F.3d 1217, 1221-22 (10th Cir. 2006). Few courts have discussed this ruling in the context

of determining whether a magistrate judge must issue a recommendation subject to *de novo* review or whether a magistrate judge may issue an order subject to review for clear error. However, at least one court has discussed *Phillips* at length in connection with an application under 28 U.S.C. § 1782 which was referred to a magistrate judge for a ruling. In *In re Chevron Corp.*, Nos. 10mc21, 10mc22, 2010 WL 8786202, at *2-3 (D.N.M. Sept. 13, 2010), the district judge thoroughly reviewed *Phillips* and ultimately determined that, "it is not foreclosed from referring this matter for a final disposition pursuant to 28 U.S.C. § 636(b)(1)(A), such that the [magistrate judge's] Discovery Order is subject to review only for clear error." However, "because Tenth Circuit precedent is not clearly established, out of an abundance of caution, the Court reviewed the Discovery Order *de novo*." Here, Local Rule D.C.COLO.LCivR 72.1B.7. allows a magistrate judge to "make determinations and enter appropriate orders on discovery disputes in cases pending in other federal courts or courts of another country."[1] Although *Phillips* has left this issue unsettled, persuasive precedent from *Chevron* and the language of the Local Rule lead to the conclusion that the undersigned may issue an order on this matter, subject to review for clear error. *See, e.g.*, *In re Kegel*, No. 13-cv-02054-REB-BNB, 2013 WL 4462110 (D. Colo. Aug. 20, 2013) (wherein a magistrate judge granted an application made pursuant to 28 U.S.C. § 1782 by entering an order, as opposed to a recommendation).

In addition, the Applicant's request is before the Court *ex parte*. *See Memorandum*

---

[1] At the time that *Phillips* was determined by the Tenth Circuit, the Local Rule did not contain the portion of the instruction including "or courts of another country." *See Phillips*, 466 F.3d at 1222.

[#3] at 1. As the Applicant states, "Section 1782 applications are frequently brought *ex parte*." *Id.* at 5 n.1. The justification for this procedure is as follows: "[S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to quash the discovery or to participate in it." *In re Application of Perez Pallares*, No. 10-cv-02528-PAB, 2010 WL 4193072, at *2 (D. Colo. Oct. 20, 2010) (quoting *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976)). The Court therefore finds that Applicant's *ex parte* request is appropriately made and that Respondents may later seek modification of the discovery herein ordered by way of an appropriate motion. *See Pallares*, 2010 WL 4193072, at *2.

Turning to the merits of the Application [#2], the Court has reviewed the filings and the applicable law and is fully advised in the premises. Applicant seeks leave to serve subpoenas on Respondents Molson Coors Brewing Company and Molson Coors Holdco – 2 Inc. for production of documents and deposition testimony for use in a foreign proceeding, pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure.

28 U.S.C. § 1782 provides that a district court may order a person found or residing within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal." The statute further requires that the order may be made "upon the application of any interested person." Here, Applicant has

adequately established that Respondents reside or are found within the District of Colorado, the requested discovery is sought for use in a pending proceeding in the High Court of Justice, Queen's Bench Division, Commercial Court, in London, England, and that Applicant is an interested party in that proceeding.

The Supreme Court has enumerated four factors which district courts should consider in exercising their discretion under section 1782(a): (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 254-56 (2004). Based on the pleadings, these factors weigh in favor of granting Applicant's request. Respondents are not parties to the foreign proceeding. English courts historically have been receptive to federal-court assistance under section 1782. *See Memorandum* [#3] at 17-18. Applicant's discovery requests do not attempt to circumvent foreign proof-gathering restrictions, as they are a good-faith effort to obtain probative evidence. Finally, the discovery requested is not unduly burdensome, as it would be permitted under the Federal Rules of Civil Procedure. Accordingly,

IT IS HEREBY **ORDERED** that the Application [#2] is **GRANTED**. The subpoenas located at Exhibit H [#2-8] and Exhibit I [#2-9] shall be issued forthwith by counsel for Applicant, pursuant to Fed. R. Civ. P. 45(a)(3).

IT IS FURTHER **ORDERED** that Applicant shall serve Respondents with copies of

this Order, the Application [#2] (including all attachments), the Memorandum [#3] (including the attachment), and the subpoenas issued pursuant to this Order.

Dated: October 9, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge